O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ALEX PEARSON,<br><br>        Petitioner,<br><br>     v.<br><br>S. B. COX, Warden,<br><br>        Respondent. | Case No. EDCV 11-621-GW (OP)<br><br>ORDER RE: MOTION TO AMEND JUDGMENT (FED. R. CIV. P. 59) |

# I.
# **INTRODUCTION**

On April 11, 2011, Wesley Alex Pearson ("Petitioner"), constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1] (ECF No. 1.) On August 31, 2011, Respondent filed

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has used the signature date on the Petition as the constructive filing date since the signature date is the earliest date on which Petitioner could have turned the Petition over to the prison authorities for mailing.

a Motion to Dismiss the Petition as untimely.  (ECF Nos. 10, 11.)  On November 22, 2011, the Court issued a Report and Recommendation of United States Magistrate Judge, recommending the denial of the Petition as untimely and dismissal of this action with prejudice.  (ECF No. 21.)  On January 20, 2012, Petitioner filed Objections to the Report and Recommendation.  (ECF No. 28.)

On March 1, 2012, the Court issued a Final Report and Recommendation, addressing Petitioner's Objections with regard to equitable tolling but again recommending the denial of the Petition as untimely.  (ECF No. 29.)  It was not the Court's intention for the Final Report and Recommendation to be sent out for further objections.  Nevertheless, on March 19, 2012, Petitioner filed a Motion to Amend the Final Report and Recommendation, along with supporting exhibits.  (ECF No. 30.)  In the Motion to Amend, Petitioner appeared to provide justification for the delay in filing his state habeas petitions which, if accepted, could warrant gap tolling and render the current Petition timely.  As a result, on April 13, 2012, the Court ordered the parties to submit supplemental briefing and/or exhibits.  (ECF No. 31.)

On May 18, 2012, Respondent filed a Notice of Supplemental Lodging.  (ECF No. 33.)  On June 13, 2012, Petitioner filed a supplemental brief.  (ECF No. 36.)  On June 15, 2012, Respondent filed a supplemental brief.  (ECF No. 35.)  On June 28, 2012, Petitioner filed a response to Respondent's supplemental brief.  (ECF No. 39.)

On February 1, 2013, the Court issued a Second Final Report and Recommendation, again recommending the denial of the Petition as untimely.  (ECF No. 41.)  As with the Final Report and Recommendation, it was not the Court's intention for the Second Final Report and Recommendation to be sent out for further objections.  Rather, it was to be forwarded directly to the District Judge.  However, the Second Final Report and Recommendation was inadvertently issued and placed on the docket.  (ECF No. 41.)  On February 4, 2013, the Court issued an

order striking the issuance of the Second Final Report and Recommendation due to the clerical error. (ECF No. 42.) The Second Final Report and Recommendation was then forwarded directly to the District Judge. On February 7, 2013, an Order was entered accepting Second Final Report and Recommendation, Judgment was entered granting Respondent's Motion to Dismiss the Petition as untimely, denying the Petition, and dismissing the action with prejudice, and an Order was entered denying the issuance of a certificate of appealability. (ECF Nos. 43-45.)

On March 7, 2013, Petitioner filed a "Motion to Amend Judgment" pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Motion to Amend"). (ECF No. 49.) For the reasons set forth below, the Court denies Petitioner's Motion to Amend.

## II.

## **DISCUSSION**

**A.** **Rule 59 of the Federal Rules of Civil Procedure.**

Rule 59 of the Federal Rules of Civil Procedure allows for the amendment of findings of fact and conclusions of law, and the entry of a new judgment after a nonjury trial. Fed. R. Civ. P. 59(a)(2). A motion to alter or amend the judgment under Rule 59(e) may be granted if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). However, it is not an opportunity for parties to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

In his Motion to Amend, Petitioner appears to contend that amendment is appropriate because when the Second Amended Report and Recommendation was

stricken from the record, the Magistrate Judge "vacated his own ruling." (ECF No. 49 at 1.) Such is not the case. As stated above, it was not the Court's intention for the Second Final Report and Recommendation to be sent out for further objections. Rather, it was to be forwarded directly to the District Judge. However, it was inadvertently issued and placed on the docket. (ECF No. 41.) Due to the clerical error, the Court issued an order striking the issuance of the Second Final Report and Recommendation (ECF No. 42), then forwarded it to the District Judge. The Magistrate Judge did not "vacate his own ruling" as Petitioner contends.

Further, Petitioner does not contend that the district court has been presented with newly discovered evidence, that the district court committed clear error or made an initial decision that was manifestly unjust, or that there is an intervening change in controlling law. Zimmerman, 255 F.3d at 740.

Based on the foregoing, the Court finds that relief pursuant Rule 59 is not warranted.

**B.      Rule 60 of the Federal Rules of Civil Procedure.**

Rule 60 of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment or order under a limited set of circumstances, including mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) permits relief from judgment when the movant shows "any other reason that justifies relief" other than the more specific circumstances set out in Rule 60(b)(1)-(5). A movant seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying relief. Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (citing Ackerman v. United States, 340 U.S. 193, 199, 71 S. Ct. 209, 95 L. Ed. 207, 212 (1950)). Rule 60(b) is remedial in nature and must be liberally applied. Cmty. Dental Serv. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002).

As stated above, Petitioner is mistaken in is belief that the Magistrate Judge "vacated his own ruling" when the Second Final Report and Recommendation was

4

stricken. It was stricken because it was issued and placed on the docket as a result of a clerical error. As a result, even construing Petitioner's Motion to Amend as a motion for relief from judgment under Rule 60(b), Petitioner has not established "extraordinary circumstances" justifying relief from judgment. Gonzalez, 545

## IV.
## CONCLUSION

Based on the foregoing, the Court DENIES Petitioner's Motion to Amend. Fed. R. Civ. P. 59(e).

**IT IS SO ORDERED.**

DATED: March 26, 2013

HONORABLE GEORGE H. WU
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge